**Arlene A. KIERSTEAD, Plaintiff, pro se,**

v.

**William K. SUTER, Clerk, Supreme Court of the United States, et al., Defendants.**

Civ. No. 95–3298.

United States District Court, D. New Jersey.

Nov. 8, 1995.

Arlene Kierstead, pro se.

## OPINION

WALLS, District Judge.

Arlene A. Kierstead brings this motion for reconsideration pursuant to Local Rule 12(I) to proceed in forma pauperis under 28 U.S.C. § 1915. The motion for reconsideration and the motion to proceed in forma pauperis are

granted. The complaint is dismissed pursuant to 28 U.S.C. § 1915(d).

## DISCUSSION

28 U.S.C. § 1915, which excuses indigent litigants from paying court costs and filing fees, was designed by Congress to ensure that individuals with limited financial resources would have meaningful access to federal court. *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 1830, 104 L.Ed.2d 338 (1989). However, Congress also recognized that such litigants would have no economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits if district courts were not afforded discretion to examine the merits of the claims asserted. Thus, 28 U.S.C. § 1915(d) permits district courts to dismiss a complaint before it is docketed if it is clearly without merit, frivolous, or malicious. *Id.* The statute, however, did not define these terms and left the federal courts with little guidance for determining when a complaint should be dismissed.

The Supreme Court first dealt with the applicable standard for determining when a complaint is frivolous in *Neitzke. Id.* at 325, 109 S.Ct. at 1831. There, although the Court held that a complaint is frivolous where "it lacks an arguable basis either in law or in fact," the Court also acknowledged that "frivolous" is an elusive term that defied a simple definition. *Neitzke,* 490 U.S. at 325, 109 S.Ct. at 1831.

Recently, in *Deutsch v. United States,* 67 F.3d 1080 (3d Cir.1995), the Third Circuit defined "frivolous" to mean "of little or no weight, value, or importance; paltry; trumpty; not worthy of serious attention; having no reasonable ground or purpose." *Id.* at 1085–86. *Deutsch* held that a district court may dismiss an in forma pauperis claim as frivolous if the claims are (1) of little or no weight, value or importance, (2) not worthy of serious attention, or (3) trivial. *Id.*

■ But in a factually analogous circumstance, the Supreme court in *Denton v. Hernandez,* 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), addressed the narrow issue of when a complaint may be dismissed as factually frivolous under 28 U.S.C. § 1915(d). The Court held that a district court may dismiss an in forma pauperis claim on this ground only if the facts alleged are "clearly baseless, a category including allegations that are fanciful, fantastic, and delusional." *Id.* at 33, 112 S.Ct. at 1733. However, a complaint may not be dismissed simply because it may seem unlikely that a plaintiff's allegations are true. Rather, a dismissal of a complaint which is factually frivolous is appropriate "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.*

■ Here, plaintiff's contentions are irrationally bizarre. She alleges that the "government," among many other weird things, conducted a behavioral and biomedical research study on her and without her consent in violation of the Thirteenth and Fourteenth amendments to the Constitution (Compl. 4); activated a series of tortious, offensive and stressful "communal bonds" to herself as well as other members of her family which ostensibly exacerbated the effects of natural toxins in her body; created a "consort group" of 4–6 male and female agents who keep a 24 hour technological surveillance over her; has "unconstitutional" access to her "private data", such as her biomedical functioning, speech, written statements, her other mechanically produced work product, as well as her telephone conversations (Compl. 7); has made a commercial lease of biomedical data extracted from her and has allowed public and private sector entities and individuals to copy or build upon her personal data in computer technologies and software programs (Compl. 5); employed a computerized program to cause her weight gain and to cause "three of her four siblings" to become obese (Compl. 5–6); followed her and her family and released toxins into their food; caused serious and irreparable damage to her teeth by a technological tort at age eleven (Compl. 5); tortiously interfered with her public and private use of transportation systems (Compl. 10); conspired to tortiously sell her defective products (Compl. 16); has "manipulated her written work product, including her performance on educational examinations or tests" (Compl. 8); and has "criminally impersonated most significant authority figures in her life experience, including teachers, mentors,

friends, school and work associates, and even family members" (Compl. 8).

These are illustrative examples of the myriad of her claims. Extended analysis of them is not required. Nowhere is there any explicit or inherent tinge of credibility to the allegations of plaintiff. Simply put, they are wholly fantastic and irrational. Because on its face plaintiff's complaint has no merit and is not worthy of serious attention, it is dismissed pursuant to 28 U.S.C. § 1915(d).

## CONCLUSION

For reasons stated, it is ORDERED that plaintiff's motion for reconsideration is granted;

ORDERED that plaintiff's motion to proceed in forma pauperis is granted; and it is further

ORDERED that plaintiff's complaint is dismissed.